IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SOONER EMERGENCY SERVICES, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-25-153-GLJ |
| ) | |
| **USV TRUCKING, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

This case arises out of remediation services required following an accident involving a tractor-trailer rig. Plaintiff Sooner Emergency Services, Inc. ("SEMI") sues USV Trucking, Inc. ("USV"),[1] to recover for the clean-up costs. For the reasons set forth below, the Court finds that the Motion to Dismiss and Brief in Support of Defendant USV Trucking, Inc. [Docket No. 6] is GRANTED IN PART and DENIED IN PART.

**I. Procedural History**

On September 3, 2024, Chithanh Nguyen, a USV employee, was driving a tractor-trailer rig on I-40 in the Eastern District of Oklahoma when a tire blew out and he lost control of the rig. According to the Collision Report, the rig veered off the road, struck a drainage ditch, and struck a tree, before eventually coming to rest and catching fire. *See* Docket No. 2, Ex. 1, p. 25. A local towing company contacted SEMI to conduct an

---

[1] Co-Defendant Accredited Specialty Insurance Company was dismissed on May 26, 2025. *See* Docket No. 12.

emergency response and clean-up of the scene, as the tractor was destroyed by fire, the trailer (containing pizza dough, French toast, and plastic pails of vanilla icing) was engulfed in flames, and a portion of the area was contaminated with diesel. Docket No. 2, Ex. 1, pp. 18-20.[2]

SEMI filed the present action in Oklahoma state Court on April 10, 2025, *see* Muskogee County District Court Case No. CJ-2025-150, and Defendants removed the case to this Court on May 8, 2025. Docket Nos. 1-2. Plaintiff alleges Defendant is liable for payment of services pursuant to 47 Okla. Stat. § 11-1110, "and other applicable laws," and that they are entitled to recover under the doctrines of contract, quasi-contract, and quantum meruit. Docket No. 2, Ex. 1, p. 3, ¶¶ 13-14.

In May 2025, Defendant moved to dismiss, and the matter became ripe. The parties previously consented to Magistrate Judge jurisdiction before U.S. Magistrate Judge Steven P. Shreder, effective May 30, 2025. Docket Nos. 15, 25. On July 17, 2025, this case was transferred to the undersigned Magistrate Judge at the direction of the Court. Docket No. 22. Upon review of the pending motion, the Court invited Plaintiff to amend if Plaintiff so desired, on or before August 25, 2025. Docket No. 26. At a status and scheduling conference held August 27, 2025, *see* Docket No. 29, Plaintiff's counsel confirmed to the Court that he had declined to file an Amended Complaint. The Court proceeds with the pending Motion to Dismiss.

---

[2] The factual basis here is based on SEMI's state court Petition and all documents attached to that filing. Even on a Rule 12(b)(6) motion, the court may consider "not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

## II. Legal Standards

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## III. Analysis

Plaintiff alleges that it did not create the environmental hazard but fully remediated the hazard and is entitled to compensation in the amount of $94,073.03 for doing so, pursuant to 47 Okla. Stat. § 11-1110 "and other applicable laws," as well as under contract, quasi-contract, and quantum meruit. *See* Docket No. 2, Ex. 1, pp. 1-3. Defendant moves to dismiss, contending 47 Okla. Stat. § 11-1110 does not apply and that the Oklahoma Emergency Response Act, 27A Okla. Stat. §§ 4-1-101 *et seq*., applies instead. Additionally, Defendant asserts that any claim for quantum meruit or quasi-contract likewise fails. The Court now makes the following findings.

### A.  47 Okla. Stat. § 11-1110

Plaintiff primarily alleges that Defendant is liable for the services provided pursuant to 47 Okla. Stat. § 11-1110, which states:

> A. No person shall throw or deposit upon any highway any glass bottle, glass, nails, tacks, wire, cans or any other substances likely to injure any person, animal or vehicle upon such highway.
> B. Any person who drops, or permits to be dropped or thrown, upon any highway any destructive or injurious material shall immediately remove the same or cause it to be removed.
>     1. Any person removing a wrecked or damaged vehicle from a highway, highway right-of-way **or any other location** as the result of an accident shall remove any glass or other injurious substance dropped upon the highway or highway right-of-way or other location from such vehicle. The owner or insurer of the owner of the vehicle if the owner's insurance policy provides coverage for such expense, shall be responsible for the cost of removal of the vehicle and the glass or other injurious substance and any vehicle storage fees. The cost of the removal of the vehicle and any storage fees shall be the same as established by the Corporation Commission for nonconsensual tows.
>     2. Truck-tractors carrying cargo on the roadways of this state shall maintain a commercial auto, farm and ranch, inland marine or cargo liability insurance policy that covers the costs of cleanup of any substance that is spilled or otherwise deposited on the roadway or right-of-way in violation of this section.
> C. No person shall throw any substance at a standing vehicle or any occupant thereof, nor shall any person throw any substance at a person on or adjacent to a highway.

47 Okla. Stat. § 11-1110 (emphasis added).  Defendant contends that 47 Okla. Stat. § 11-1110 does not apply because the impact did not occur on the highway, left no substances on the highway, and the statute does not include hazardous or dangerous materials such as diesel fuel or oil, and Plaintiff did not remove a wrecked or damaged vehicle from the highway.

First, the Court finds that the language of the statute is clear that a vehicle wrecked

-4-

as the result of an accident, *in any location*, would fall under this statute. Defendant raises arguments related to the location of the vehicle in this case, citing to the Collision Report attached to the Petition and arguing that it did not occur on the highway and the cited statute therefore does not apply. This argument is unavailing, given the Complaint allegations of "an environmental and cargo spill on the [sic] on 1-40, in Webbers Falls, Oklahoma[,]" that "obstructed the traffic and emergency cleanup services were required." Docket No. 2, Ex. 1, pp. 1-2, ¶¶ 5, 8. Additionally, the location of the incident is documented as "I-40 mile marker 282.7." *Id.*, pp. 21, 22-48. It is clear from the reports that the incident began on the highway although the vehicle ultimately came to rest off the highway. The plain language of the statute, however, covers a "wrecked or damaged vehicle from a highway, highway right-of-way **or any other location** as the result of an accident." 47 Okla. Stat. § 11-1110(B)(1). The Court finds other reasons, however, that this statute does not apply.

Plaintiff's state court Petition alleges that Defendant's employee was transporting "hazardous substances" that "caused an environmental hazard." Docket No. 2, Ex. 1, p. 2, ¶¶ 5-6. Defendant correctly points out that the Oklahoma Attorney General issued an opinion in 2000 stating, "[w]e have already concluded that 'injurious substances' do not include hazardous or dangerous materials[.]" 30 Okla. Op. Att'y Gen. 188 (2000). Furthermore, "[i]n accident scenes which involve hazardous materials or dangerous materials, **the Oklahoma Emergency Response Act (27A Okla. Stat. §§ 4-1-101 - 4-1-106) governs** who will remove those materials from the area." *Id.* (emphasis added). The OERA defines "dangerous substance" as "meaning explosives, gases, flammable liquids and solids, poisons, radioactive materials, hazardous materials, deleterious substances, oil,

or other substance or material in a quantity or form capable of posing an unreasonable risk to public health and safety, property or to the environment." 27A Okla. Stat. § 4-1-102. Plaintiff's Response Report, attached to Plaintiff's Petition, indicates that Plaintiff was dispatched to clean up an environmental spill involving diesel fuel and motor oil contaminated pizza dough, French toast, and plastic pails of vanilla icing. Docket No. 2, Ex. 1, p. 18. Based on this opinion and the report detailing the cleanup, Defendant moves to dismiss, asserting that the Oklahoma Emergency Response Act ("OERA"), not 47 Okla. Stat. 11-1110, governs Plaintiff's claim(s).

Plaintiff's Response[3] contends that the original statute applies because they have brought previous cases pursuant to this statute that have been allowed to proceed. Plaintiff has not, however, provided any case law or support for the contention that 47 Okla. Stat. § 11-1110 applies in cases of environmental hazards. Plaintiff nevertheless points to the language of §11-1110(A), which states that no person, which includes Defendant as a corporation, "shall throw or deposit upon any highway any glass bottle, glass, nails, tacks, wire, cans or **any other substances**[.]" (emphasis added). Plaintiff asserts that the "*any other substances*" language applies here. This ignores, however, the only legal interpretation of this statute which explicitly states that removal of hazardous or dangerous materials—the only materials at issue in Plaintiff's Petition—is governed by the OERA.

---

[3] Plaintiff's Response fails to comply with Local Civil Rule 7.1(c), which requires that briefs "exceeding fifteen (15) pages in length shall be accompanied by an indexed table of contents showing headings or subheadings and an indexed table of statutes, rules, ordinances, cases, and other authorities cited." The Court declines to strike the brief on this basis in light of the Court's preference for resolving cases on their merits, but cautions Plaintiff's counsel that future failure to comply may result in the brief being stricken.

Plaintiff acknowledges that the OERA *may* apply but declined to amend the Petition when so invited by the Court.[4] Plaintiff reasons that discovery is required to determine if the relevant parties complied with the OERA. Plaintiff's Petition, brought pursuant to 47 Okla. Stat. § 11-1110 "and other applicable laws," is insufficient to place Defendant on notice of potential liability pursuant to this statute. *See* Fed. R. Civ. P. 8(a); *see, e.g.*, *Chandler v. HK Hosp., LLC*, 2022 WL 17847658, at *3 (D.N.M. Dec. 22, 2022) ("Distinct theories of liability generally are plead in separate counts. '[T]he purpose of organizing a complaint into separate counts is to place defendants on notice as to exactly what they are defending against, whether an entirely separate cause of action or alternative theories of recovery.'") (quoting *Jaiyeola v. Garmin Int'l, Inc.*, 2020 WL 4678378, at *3 (D. Kan. Aug. 12, 2020). Plaintiff's refusal to amend to account for liability under the statute reinforces this conclusion, as nothing prohibits Plaintiff from alleging a claim pursuant to both statutes in combination or in the alternative. *See* Fed. R. Civ. P. 8(a) (A pleading "may include relief in the alternative or different types of relief."); *Boulware v. Baldwin*, 545 Fed. Appx. 725, 729 (10th Cir. 2013) ("Federal pleading rules have for a long time permitted the pursuit of alternative and inconsistent claims.").

At best, the Attorney General's opinion acknowledges that, "in some instances wreckers have contacted remediation services to clean up accident sites and afterwards disputes have arisen about who is responsible to pay for the cleanup." 30 Okla. Op. Att'y Gen. 188 (2000). The opinion does not, however, instruct parties how these two statutes,

---

[4] Indeed, Plaintiff dedicates a substantial portion of the Response brief discussing various provisions of the OERA and how they might apply to this case. Docket No. 13, pp. 11-21.

either separately or in combination, provide a right of relief for this very situation. It seems clear, however, that the Oklahoma legislature intended under both statutes for the person responsible for a wrecked vehicle and/or dangerous substance to be liable for any injury and related damages. *See* 27A Okla. Stat. § 4-1-104 ("The provisions of the Oklahoma Emergency Response Act shall not be construed to effect or remove the liability of the person who owns the dangerous substance for injury or damages incurred as a result of the release of the dangerous substance."); 47 Okla. Stat. § 11-1110 (B)(1) ("The owner or insurer of the owner of the vehicle if the owner's insurance policy provides coverage for such expense, shall be responsible for the cost of removal of the vehicle and the glass or other injurious substance and any vehicle storage fees."). Keeping that in mind, the Court turns to Plaintiff's alternative claims for relief.

### B. Contract/Quantum Meruit/Quasi-Contract

Plaintiff alternatively requests relief under "contract, quasi-contract, and *quantum meruit*." Docket No. 2, Ex. 1, p. 3, ¶ 14. On its face, Plaintiff's claim for breach of contract fails because Plaintiff has not alleged the existence of a contract between the parties. However, the Court finds Plaintiff's claim for quasi-contract/quantum meruit is sufficiently alleged at this stage of the case.

Black's Law Dictionary defines "quantum meruit" as:

> **1.** The reasonable value of services; damages awarded in an amount considered reasonable to compensate a person who has rendered services in a quasi-contractual relationship.
> **2.** A claim or right of action for the reasonable value of services rendered.
> **3.** At common law, a count in an assumpsit action to recover payment for services rendered to another person.

    **4.** A claim for the market value of a party's performance under an implied-in-fact contract or an express contract that does not specify a price.
    **5.** A claim for the value of benefits provided without a contract, as when the plaintiff brings a claim for restitution and that value provides the measure of recovery.

Black's Law Dictionary (12th ed. 2024). "Where a person performs services without a written contract, the law implies an agreement to pay what is reasonable, meaning thereby what he reasonably deserves." *Brown v. Wrightsman*, 1935 OK 885, ¶ 14, 51 P.2d 761, 763. "In quasi contracts the obligation arises, not from consent of the parties, as in the case of contracts, express or implied in fact, but from the law of natural immutable justice and equity." *Berry v. Barbour*, 1954 OK 358, ¶ 20, 279 P.2d 335, 338. "The measure of damages in a quasi-contrac[t] action is the amount which will compensate the party aggrieved for the detriment proximately caused thereby, and, if the obligation is to pay money, the detriment caused by the breach in the amount due by the terms of the obligation." *Welling v. Am. Roofing & Sheet Metal Co.*, 1980 OK 131, ¶ 15, 617 P.2d 206, 209-210.

    Defendant contends that Plaintiff's claim for quantum meruit relief fails because Plaintiff's Petition does not allege Defendant knowingly accepted a benefit from Plaintiff, and that Defendant was not given its own opportunity to remediate the hazard, pursuant to 27A Okla. Stat. § 4-1-103 ("Upon the release of dangerous substances requiring protective actions, the responsible party shall take immediate emergency response measures as directed by the lead official assuming responsibilities for management of the incident or the Department of Environmental Quality if contacted by the first responder or lead official

pursuant to subsection E of this section."). Defendant is correct that Oklahoma Uniform Jury Instructions set forth the following instruction for "Quantum Meruit":

> You may determine that [**Defendant**] is liable to [**Plaintiff**] for [**describe the goods or services that the plaintiff provided to the defendant** ], if you find that:
>
> 1. [**Plaintiff**] [**furnished/rendered**] valuable [**goods/services**] to [**Defendant** ] with a reasonable expectation of being compensated;
> 2. [**Defendant**] knowingly accepted the benefit of the [**goods/services** ]; and
> 3. [**Defendant**] would be unfairly benefited by [**(the services)/(receiving the goods)**] if no compensation were paid to [**Plaintiff** ].
>
> If you find all of these elements are satisfied, then you should return a verdict for [**Plaintiff**] in an amount that reasonably represents the fair value of the [**goods/services**] that [**Plaintiff**] [**furnished/rendered**] to [**Defendant** ].

OUJI 23.10. Defendant points to the second element, arguing that Plaintiff does not allege Defendant knowingly accepted the benefit of the goods or services. However, Plaintiff alleges it provided services without a signed, written agreement. Although not a model for pleading, the Court finds Plaintiff has stated a plausible claim for quantum meruit relief at this stage of the case. *See Feldman v. MCZ Dev. Corp.*, 2013 WL 12131596, at *5 (N.D. Okla. Feb. 4, 2013) ("Because Feldman Franden provided legal services for a time without a signed, written agreement, the court concludes plaintiff has stated a plausible claim for quantum meruit."). The Response Report by Plaintiff attached to Plaintiff's Petition indicates that the remediation efforts took place over the course of three or four days. Docket No. 2, Ex. 1, pp. 18-20. Any further arguments perhaps related to whether Defendant knowingly accepted the service or objected to the remediation services at any time while they were being conducted are better addressed at summary judgment.

## CONCLUSION

Accordingly, the Court finds that the Defendant's Motion to Dismiss and Brief in Support of Defendant USV Trucking, Inc. [Docket No. 6] is hereby GRANTED in part as to Plaintiff's statutory and contract claims, but DENIED as to Plaintiff's claim for quantum meruit.

IT IS SO ORDERED this 4th day of August, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**