IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SOONER EMERGENCY SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-25-153-GLJ |
| USV TRUCKING, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Sooner Emergency Services, Inc. ("SEMI"), brings this diversity action for quasi-contract/quantum meruit against Defendant USV Trucking, Inc., based on remediation services provided by SEMI following an accident involving a tractor-trailer rig driven by Defendant's employee. This matter is before the Court on Defendant's Motion for Summary Judgment and Brief in Support of Defendant USV Trucking, Inc. [Docket No. 38]. Genuine issues of material fact exist and preclude the entry of summary judgment for either party. The undersigned Magistrate Judge therefore finds the motion is DENIED.

SEMI filed the present action in Oklahoma state Court on April 10, 2025, *see* Muskogee County District Court Case No. CJ-2025-150, and Defendants removed the case to this Court on May 8, 2025. Docket Nos. 1-2. The parties previously consented to Magistrate Judge jurisdiction before U.S. Magistrate Judge Steven P. Shreder, effective May 30, 2025. Docket Nos. 15, 25. On July 17, 2025, this case was transferred to the undersigned Magistrate Judge at the direction of the Court. Docket No. 22. Defendant

previously moved to dismiss, which was granted in part, resulting in dismissal of all statutory and contract claims, but leaving Plaintiff's claim for quantum meruit/quasi-contract. *See* Docket No. 31.

Black's Law Dictionary defines "quantum meruit" as:

**1.** The reasonable value of services; damages awarded in an amount considered reasonable to compensate a person who has rendered services in a quasi-contractual relationship.
**2.** A claim or right of action for the reasonable value of services rendered.
**3.** At common law, a count in an assumpsit action to recover payment for services rendered to another person.
**4.** A claim for the market value of a party's performance under an implied-in-fact contract or an express contract that does not specify a price.
**5.** A claim for the value of benefits provided without a contract, as when the plaintiff brings a claim for restitution and that value provides the measure of recovery.

Black's Law Dictionary (12th ed. 2024). "Where a person performs services without a written contract, the law implies an agreement to pay what is reasonable, meaning thereby what he reasonably deserves." *Brown v. Wrightsman*, 1935 OK 885, ¶ 14, 51 P.2d 761, 763; *see also Martin v. Buckman*, 1994 OK CIV APP 89, ¶ 38, 883 P.2d 185, 193-194 ("[I]t is founded on a Latin phrase meaning, 'as much as he deserves,' and in law has been defined as 'a legal action grounded on a promise that the defendant would pay to the plaintiff [for his services] as much as he should *deserve.*'") (citations omitted). Furthermore, "[c]laims brought under a quasi-contract are essentially the same as claims for quantum meruit or unjust enrichment." *Armijo v. Affilion, LLC*, 854 Fed. Appx. 236, 241 (10th Cir. 2021) (citation omitted); *see also ASI Constr., LLC v. City of Oklahoma City*, 2023 WL 4305131, at *2 (W.D. Okla. June 30, 2023) ("[A] quasi-contract, also

known as implied-in-law or constructive contract, is a fictional contract imposed by law to adapt the case to a remedy.").

In any case, summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The moving party must show the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), with the evidence taken in the light most favorable to the non-moving party, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  However, "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute[.]"  Fed. R. Civ. P. 56(c).

The undisputed facts reflect, *inter alia*, that on September 3, 2024, Defendant's employee lost control of one of Defendant's semi trucks, wrecked, caught fire, and spilled frozen pizza dough and icing, as well as diesel fuel and motor oil.  Docket Nos. 38, p. 2, ¶ 1 & 39, p. 3, ¶¶ 1-2.  A towing service that is not a party to this case notified Plaintiff of the incident, and Plaintiff was present at the scene on September 3, 5, and 6, 2024.  Docket Nos. 38, pp. 2-3, ¶¶ 2-3 & 39, pp. 1-2, ¶¶ 2-3.  Plaintiff's first contact with Defendant was on September 11, 2024.  Docket Nos. 38, p. 3, ¶ 4 & 39, p. 2, ¶¶ 4.

Oklahoma Uniform Jury Instructions set forth the following instruction for "Quantum Meruit":

You may determine that [**Defendant**] is liable to [**Plaintiff**] for [**describe the goods or services that the plaintiff provided to the defendant** ], if you find that:

> 1. [**Plaintiff**] [**furnished/rendered**] valuable [**goods/services**] to [**Defendant** ] with a reasonable expectation of being compensated;
> 2. [**Defendant**] knowingly accepted the benefit of the [**goods/services**]; and
> 3. [**Defendant**] would be unfairly benefited by [**(the services)/(receiving the goods)**] if no compensation were paid to [**Plaintiff** ].

> If you find all of these elements are satisfied, then you should return a verdict for [**Plaintiff**] in an amount that reasonably represents the fair value of the [**goods/services**] that [**Plaintiff**] [**furnished/rendered**] to [**Defendant** ].

OUJI 23.10.  The Court has carefully reviewed the briefs in support of and in opposition to the motion, as well as the exhibits submitted by the parties.  Based on this review and mindful of the standard of evaluating the evidence at the summary judgment stage, it appears that genuine issues of material fact are in dispute with respect to elements two and three.  Regardless of when Plaintiff first contacted Defendant, the undisputed facts do not address when Defendant became aware of the work Plaintiff was performing (or whether Defendant thereby knowingly accepted Plaintiff's work), given Defendant's employee was in a wreck with Defendant's property on September 3, 2024.  Summary judgment is therefore inappropriate.  *See* Fed. R. Civ. P. 56(c).

Accordingly, Defendant's Motion for Summary Judgment and Brief in Support of Defendant USV Trucking, Inc. [Docket No. 38] is DENIED.

IT IS SO ORDERED this 9th day of April, 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**

4